NO. 19-30193

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,            )
                                     )
            Respondent - Appellee,   )
                                     )
vs.                                  )
                                     )
LEX BENNETT GOODWIN,                 )
                                     )
            Defendant - Appellant.   )
_____    )

Appeal from the United States District Court
for the District of Idaho, District Court No. 4:17-cr-00296-DCN-1
The Honorable David C. Nye Presiding

PETITION FOR REHEARING AND REHEARING EN BANC

Andrew Parnes
Law Office of Andrew Parnes
P.O. Box 5988
671 N First Avenue
Ketchum, Idaho 83340
Phone: (208) 726-1010
Fax:    (208) 726-1187
aparnes@mindspring.com

Attorney for Defendant - Appellant
Lex Bennett Goodwin

# TABLE OF CONTENTS

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I.    Panel Rehearing is Required to Consider Whether Partial Exclusion
of the Numerous Prior Acts Should Be Reviewed Under the Plain Error
Standard . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

II.   En Banc Review is Warranted to Consider the Significance of the
"Necessity" Factor established in *LeMay* as It Leads to Absolute
Admissibility of 414 Evidence No Matter How Prejudicial the
Nature of the Specific Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

III.  En Banc Review is Warranted to Determine If a Person Commits a
Transportation Offense if Cloud Sharing Results in Having Identical
Pornography on Two Personal Devices. . . . . . . . . . . . . . . . . . . . . . . . . . . 9

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

CERTIFICATION PURSUANT TO CIRCUIT RULE 32-1. . . . . . . . . . . . . . . 12

CERTIFICATION OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

ATTACHMENT - PANEL OPINION

## TABLE OF AUTHORITIES

### FEDERAL CASES

*United States v. Banks,* 514 F.3d 959 (9th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Fall,* 955 F.3d 333 (4th Cir. 2020). . . . . . . . . . . . . . . . . . . . . . . . 9

*United States v. LeMay,* 260 F.3d 1018 (9th Cir. 2001) . . . . . . . . . . . . . . . . 2, 5, 6

*United States v. Phipps,* 523 F. App'x 498 (9th Cir. 2013). . . . . . . . . . . . . . . . . . 9

### FEDERAL RULES OF EVIDENCE

Fed. R. Evid. 403 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

Fed. R. Evid. 404(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Fed. R. Evid. 414 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

INTRODUCTION

Lex Bennett Goodwin, defendant and appellant, seeks rehearing and/or rehearing en banc on three issues raised on appeal. The first is whether the district court abused its discretion in admitting highly inflammatory prior act evidence[1] and whether the Mr. Goodwin preserved his challenge to the admission of specific portions of the prior act evidence such that review on that issue should not be considered under the plain error standard; the second raises the importance and nature of the "necessity" factor in weighing the prejudice from other act evidence before permitting the admission of such evidence; and, the third involves the undecided issue of whether the transportation element of the child pornography

_____

[1]Because the panel decision did not set forth the facts, a brief summary of the nature of the other act evidence is necessary. In these conversations, appellant first asked the witness to take sexual pictures of her 11 year old daughter. (ER 410-411.) The witness testified that appellant then asked her to perform a sexual act on her daughter. (ER 411.) The text messages were introduced as a trial exhibit. (Trial Exhibit 1116.) The witness testified that the texts encouraged her to take photographs of her engaging in sex acts with her daughter and other children, including fingering them and taking their virginity, and then forward them to appellant. (ER 416-419.) She also testified that appellant provided her with a website which contained child pornography. (ER 418.)

The texts also contained a request that the witness go to a Walmart, seize a child in the store, and to take the child to a dressing room to photograph the child nude. (ER 433.)

She testified that "He wanted to live together for the sole purpose of him raping my children, having children with them so that he could rape my grandchildren." (ER 412.)

statute includes the automatic data transfer of pornographic images from one of the appellant's electronic devices to another.

En Banc rehearing is warranted because the issues involve a question of exceptional importance. The admission of highly inflammatory evidence under rule 414 of the Federal Rules of Evidence is a recurring issue. One of the factors set forth by this Court in *United States v. LeMay*, 260 F.3d 1018 (9th Cir. 2001) is whether there is a "necessity" for the evidence. The Government argued and the district court concluded that the evidence was "necessary" to the government's case against Mr. Goodwin. Yet, on appeal, the Government argued and the panel concluded the opposite – that the evidence was not necessary because its admission was harmless based on the strength of the government's other evidence presented to the jury. En banc review is warranted to resolve this Catch-22 presented to defendants when the government seeks to introduce such inflammatory evidence and to clarify precisely what is meant by the "necessity" factor set forth in *LeMay*.

En banc review is also warranted to resolve the issue of whether the mere movement from one of Mr. Goodwin's own device to another constitutes a violation of the transportation statute. In this case, appellant received a forty-year sentence upon his conviction for violating this statute, not by sending

2

pornographic material to others, but by an automatic cloud sharing system that shared the data among his own personal devices.

I.     Panel Rehearing is Required to Consider Whether Partial Exclusion of the Numerous Prior Acts Should Be Reviewed Under the Plain Error Standard

At trial, the Government moved to admit a range of prior act evidence pursuant to rules 404(b) and 414 of the Federal Rules of Evidence based upon conversations and text messages between Mr. Goodwin and T.L in 2009.  (SER 21.)  Mr. Goodwin filed a written opposition based upon the grossly prejudicial nature of the evidence and the court issued a written decision without oral argument.  The panel held that while portions of the conversations were properly admitted, other portions were "prejudicial and it is doubtful it was necessary for the government's case."  Holding that appellant failed to argument specifically that these portions should have been excluded, even if other portions of the 2009 conversations were admissible, the panel applied a "plain error" standard for reversal.  (Opn. p. 5, n. 1.)

The panel's application of plain error to deny relief was incorrect.  Since the government set forth each portion of the conversations separately and because the district court considered each separately (ER 62-64), there was no need for appellant to separately object to each and every portion of the conversations in

order to bring the claim before the district court. Indeed, the district considered the inflammatory evidence as separately admissible, even though there was a general objection to the evidence. Moreover, during trial, defense counsel renewed the objection to the specific statements by making a general "standing objection" which the district court acknowledged.[2] (ER 409.) Therefore, the district court knew that each portion related to the 2009 conversations were individually and cumulatively being objected to; no further objection was required to preserve this issue for review.

In contrast to *United States v. Banks*, 514 F.3d 959 (9th Cir. 2008), where at trial the defendant had relied on entirely separate theory of inadmissibility, Mr. Goodwin here based his objection to all of the evidence sought to be admitted on the basis that the evidence was more prejudicial than probative. Because the district court examined each portion of the 2009 conversations separately, the objection to some of the portions as more prejudicial than others was presented to the district court, such that Mr. Goodwin is not required to met the higher plain error standard on appeal.

---

[2] "You do not need to keep making it. You have a standing objection both to my decision and to the ruling I have just made now." (ER 409.)

4

Given that the panel found that the statements that Mr. Goodwin wanted to rape T.L.'s children so he could rape his grandchildren were overwhelmingly prejudicial, especially when considered along with the conversation encouraging T.L. to kidnap a child at a Walmart to take naked pictures, measuring prejudice under a non-plain error standard of review demands reversal of the convictions in this case.

Therefore, the panel should reconsider its decision and determine whether the admission of this evidence was an abuse of discretion without the necessity for the appellant to meet the plain error standard.

II.    En Banc Review is Warranted to Consider the Significance of the "Necessity" Factor established in *LeMay* as It Leads to Absolute Admissibility of 414 Evidence No Matter How Prejudicial the Nature of the Specific Evidence

The fundamental role of Rule 403 in the context of Rule 414 is to ensure that a defendant's constitutional rights are not eroded by the admission of otherwise tangentially relevant but inflammatory evidence under the expansive application of Rule 414. "We conclude that there is nothing fundamentally unfair about the allowance of propensity evidence under Rule 414. As long as the protections of Rule 403 remain in place to ensure that potentially devastating

5

evidence of little probative value will not reach the jury, the right to a fair trial remains adequately safeguarded." *United States v. LeMay,* 260 F.3d at 1026.

This Court established a five factor test in determining whether Rule 414 evidence should be excluded under Rule 403. These factors are: 1) the similarity of the prior acts to those charged; 2) the closeness in time of the prior acts to the charged acts; 3) the frequency of the prior acts; 4) the presence or lack of intervening circumstances; and 5) the necessity of the evidence beyond the testimony already offered at trial. *Id.* at 1027-28.

The panel decision concluded that "the 2009 Conversations were highly prejudicial, and they may not have been necessary in light of the government's other strong evidence." (Opn. pp. 4-5.) Nevertheless, the panel concluded that any error in their admission was harmless "because the government offered overwhelming evidence that Goodwin produced and possessed child pornography." (Opn. p. 5.)[3]

_____

[3]The panel decision did not address the strength of the evidence of the transportation in considering the harm from the admission of the prior act evidence. Given that the transportation was not made to third parties but from one of Goodwin's devices to another, the jury may well have been prejudiced against him on this count as well as the others based upon the highly inflammatory nature of the Rule 414 evidence. Therefore, even if this Court finds upon reconsider finds the evidence of possession and production sufficient to overcome a harmless analysis, the Court should reverse the transportation conviction and its accompanying consecutive forty year sentence.

By requiring the trial court to examine the "necessity" for this evidence, this Court has directed the trial court to make at least an initial determination about the strength of the government's case. If the trial court believes that the government's case is strong, then this factor weighs strongly against the admission of highly inflammatory evidence. If the government's case is weak, then this factor weighs toward admission of this evidence. Yet, on review, this Court applied a different standard – essentially finding that where there is "overwhelming evidence" of guilt, that the evidence may be admitted since it would be "harmless." (Opn. pp. 4-5.)

This Court implicitly found that the trial court was wrong in its calculation of the "necessity" factor, but concluded there could be no error based on the strength of the government's other evidence. The effect of this ruling is that a defendant cannot obtain successful exclusion of Rule 414 evidence on the "necessity" factor unless both the trial court and the appellate court agree about the strength of the government's case. Indeed, the Government argued in the district court that its case had major proof problems, anticipating that Goodwin might raise some challenge.

The panel in its review of the evidence found sufficiently strong evidence that the "necessity" factor should have led to exclusion of the prior act evidence;

7

but its harmless error analysis, which from a distance put aside the highly inflammatory nature of the Rule 414 evidence in this case, is very different from the decision a jury would make after hearing in vivid detail about Mr. Goodwin's desire to kidnap and rape children in a case where the only issue to be decided by the jury was whether Mr. Goodwin took pictures of an infant, possessed those images on his own devices and possessed  other child pornography available on the web.

En banc review is required to determine if the "necessity" factor remains a viable means of determining the potential prejudice to defendants charged with sex offenses when the government seeks to admit highly inflammatory other acts evidence at trial.  To permit the government at trial to argue that the evidence is "necessary" and then to allow the government to argue that the evidence was "harmless" and in effect unnecessary is fundamentally unfair and undermines the role of Rule 403 in constraining the use of Rule 414 evidence against defendants.

Because of the recurring importance of Rule 414 evidence in sex offense trials, this issue is critical importance and requires en banc review.

III.    En Banc Review is Warranted to Determine If a Person Commits a
        Transportation Offense if Cloud Sharing Results in Having Identical
        Pornography on Two Personal Devices.

The panel opinion held that there could be no plain error where there is no

controlling authority on point.  (Opn. p. 6.)  While this concept is not disputed, the

question of whether the transfer of data either automatically or through a specific

backup program is worthy of review in the technological world in which we now

live.  Mr. Goodwin was not charged with posting images electronically to public

websites or via emails, cf. *United States v. Fall*, 955 F.3d 333 (4th Cir. 2020) and

*United States v. Phipps*, 523 F. App'x 498 (9th Cir. 2013); his transportation

charge was based only on a backup program which synced his own personal

devices.  Whether he set that program up generally or whether the system was

automatically generated is not relevant to the question of his "transportation" of

that data.

The question of whether such backup to one's own devices constitutes

transportation is an issue of critical importance in this technological era.  See, e,g,,

Comment, *Child Pornography Statutes and the Cloud: Updating Judicial*

*Interpretations for New Technologies,* 57 Hous. L. Rev. 727, 748 (2020) ("If a

device uploads or backs up visual depictions by default, it is not clear that the user

'knowingly' transported the visual depictions"); see also *Williams vs. Apple, Inc.*,

9

U.S. Dist. Ct., No. 19-CV-04700, slip op. at 2 (N.D. Cal. Mar. 27, 2020) (quoting Apple terms of service: "When iCloud is enabled, your content will be automatically sent to and stored by Apple").

Today all of a person's information is commonly transferred automatically from one personal device to another. The fact that some of the data transferred contains child pornography should not be sufficient to support a transportation charge, even if such evidence supports a possession charge. Here, Mr. Goodwin was convicted of both possession *and* transportation and received a consecutive sentence for having the images on two devices.

This Court should grant en banc review to set forth rules for the trial courts in determining whether there should be criminal liability for this act. In this case, Mr. Goodwin was convicted and sentenced to a consecutive term of forty years solely based on having the same images on two of his own devices. The "transfer" may even have occurred when the devices were in the same location. The general concept of transportation is to make the documents available to third parties by sending them via email or posting on a website open to other persons. There was no proof that the images were shared with others and thus is sufficient evidence of transportation.

En banc review is therefore warranted in this matter.

10

CONCLUSION

For the reasons set forth herein, it is respectfully requested that this Court grant rehearing or in the alternative grant rehearing en banc.

Dated: February 25, 2022.

 /s/ Andrew Parnes
Andrew Parnes
Attorney for Lex Bennett Goodwin

## CERTIFICATION PURSUANT TO CIRCUIT RULE 32-1

Pursuant to Ninth Circuit Rules 32 and 40-1, I certify that the attached

Petition for Rehearing and Rehearing En Banc is proportionateley spaced, has a

typeface of 14 points or more and contains 2351 words.

DATED: February 25, 2022.

/s/ Andrew Parnes
Andrew Parnes

12

## CERTIFICATION OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on February 25, 2022.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants are not registered CM/ECF users. I mailed the foregoing document by First-Class Mail, postage prepaid, to the following non-CM/ECF participant on February 25, 2022:

Lex Goodwin, #19479-023
USP Tucson
U.S. Penitentiary
P.O. BOX 24550
Tucson, AZ 85734

 s/Andrew Parnes
Andrew Parnes

Dated: February 25, 2022.

13

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 13 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>LEX BENNETT GOODWIN,<br><br>Defendant-Appellant. | No.   19-30193<br><br>D.C. No.<br>4:17-cr-00296-DCN-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Idaho
David C. Nye, Chief District Judge, Presiding

Argued and Submitted November 9, 2021
Portland, Oregon

Before:  GRABER and CHRISTEN, Circuit Judges, and R. COLLINS,[**] District
Judge.

Lex Goodwin appeals his jury conviction and 100-year sentence for sexual

exploitation of a minor, in violation of 18 U.S.C. § 2251(a) and (e); attempted

sexual exploitation of a minor, in violation of § 2251(a) and (e); transportation of

---

[*]   This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]   The Honorable Raner C. Collins, United States District Judge for the
District of Arizona, sitting by designation.

child pornography, in violation of 18 U.S.C. § 2252A(a)(1); and possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the facts, we do not recite them here.

1.     The district court did not abuse its discretion by admitting photographs, pursuant to Rule 404(b), of Goodwin's penis with Jane Doe II's underwear. We review the district court's evidentiary rulings for abuse of discretion. *United States v. Thornhill*, 940 F.3d 1114, 1117 (9th Cir. 2019). On appeal, Goodwin's sole challenge to the admission of these photographs is that the district court did not address his Rule 403 objection. That argument is unavailing because the district court's pretrial order laid out the Rule 404(b) and Rule 403 standards, determined that the underwear photographs were relevant in that they "depict behavior that is consistent with an interest in children and sex," and specifically quoted and rejected Goodwin's Rule 403 argument. Thus, the district court adequately addressed Goodwin's Rule 403 objection.

2.     The district court did not abuse its discretion by admitting, pursuant to Rule 414 and Rule 404(b), evidence of Goodwin's 2009 conversations with T.L. (the "2009 Conversations"), an adult woman whom he met online. Goodwin argues that the conversations involved T.L.'s sexual fantasies and should have

2

been excluded pursuant to Rule 403 because they were highly inflammatory and unfairly prejudicial.

*LeMay* laid out the factors that courts must consider in determining whether Rule 414 evidence should be excluded pursuant to Rule 403: (1) the similarity of the prior acts to the acts charged; (2) the closeness in time of the prior acts to the acts charged; (3) the frequency of the prior acts; (4) the presence or lack of intervening circumstances; and (5) the necessity of the evidence beyond the testimony already offered at trial. *United States v. LeMay*, 260 F.3d 1018, 1027–28 (9th Cir. 2001) (quotation marks omitted).

Most of the *LeMay* factors weigh in favor of the government. As to "similarity," the 2009 Conversations and the charges in this case both involve sexual abuse of young children who are related to Goodwin or his adult companions. Rule 414(d)(2)'s definition of "child molestation" includes solicitation of child pornography, 18 U.S.C. § 2252A(a)(3)(B), and the 2009 Conversations include numerous instances of Goodwin soliciting child pornography.

The "closeness in time" factor is neutral because, as Goodwin concedes, even though the charged conduct occurred approximately eight years after the 2009

3

Conversations, Goodwin was incarcerated for five of the eight years. *See, e.g.*, *LeMay*, 260 F.3d at 1029 (11 years not too remote).

The "frequency" factor weighs in favor of the government because the 2009 Conversations were not an isolated incident; there were numerous conversations that occurred over the course of approximately one month. During the conversations, Goodwin repeatedly asked T.L. to help him procure child pornography.

The "intervening circumstances" factor is neutral because there were no relevant, intervening events between the 2009 Conversations and the charged conduct (Goodwin was incarcerated until 2014 and reoffended in 2017).

The district court reasoned that the "necessity" factor weighs in favor of the government because, as the court correctly anticipated, Goodwin attempted to distance himself from the recovered child pornography, and the 2009 Conversations were probative of Goodwin's "motive, intent, knowledge, identity, and absence of mistake." *See, e.g., Thornhill*, 940 F.3d at 1119 (trial court did not abuse its discretion by admitting defendant's prior conviction for sexually abusing his 11-year-old daughter).

Goodwin is correct that the 2009 Conversations were highly prejudicial, and they may not have been necessary in light of the government's other strong

4

evidence.  But even if the 2009 conversations were erroneously admitted, the

district court's error was harmless because the government offered overwhelming

evidence that Goodwin produced and possessed child pornography.  *See United*

*States v. Arambula-Ruiz*, 987 F.2d 599, 605 (9th Cir. 1993).[1]

      3.    The evidence was sufficient to support Goodwin's conviction for

transportation of child pornography.  Where (as here) a defendant did not seek a

judgment of acquittal based on insufficiency of the evidence at trial, we review the

jury's verdict for plain error.  *See United States v. Franklin*, 321 F.3d 1231, 1239

(9th Cir. 2003).

---

[1]     During oral argument before this panel, defense counsel suggested that the prejudicial parts of the 2009 Conversations should have been redacted. This argument is well taken.  We are not persuaded by the government's blanket assertion that all of the 2009 Conversations constitute solicitation of child pornography and were thus admissible pursuant to § 2252A(a)(3)(B).  For example, the government fails to argue how Goodwin's statement to T.L. that he wanted to live with her to rape her children, have children with her children, and rape her grandchildren constitutes solicitation of child pornography.  There is no question that this testimony was prejudicial, and it is doubtful that it was necessary for the government's case.  But Goodwin did not argue before the district court that the 2009 Conversations should have been redacted or that the 2009 Conversations included conduct that does not fall within Rule 414's definition of "child molestation."  *See United States v. Banks*, 514 F.3d 959, 976 (9th Cir. 2008).  Even if the district court erred in admitting parts of the 2009 Conversations, Goodwin cannot establish that the district court plainly erred because he cannot show that "the result of the proceeding would have been different" given the other strong evidence properly admitted at trial.  *See United States v. Alghazouli*, 517 F.3d 1179, 1190 (9th Cir. 2008) (internal quotation marks omitted).

The government offered evidence that Goodwin used the Internet to upload child pornography to his Google accounts and to share child pornography between his Google accounts. Goodwin cites no authority holding that uploading child pornography and sharing such content between one's own accounts is insufficient to constitute knowing transportation for purposes of § 2252A(a)(1). He separately argues that the child pornography images were transferred through the automatic "syncing of two devices used by him." But the government introduced testimony explaining that setting up the sharing function required a purposeful action by the user. Goodwin cannot satisfy the plain error standard. *See United States v. Ghanem*, 993 F.3d 1113, 1131 (9th Cir. 2021) (An error "cannot be plain if there is no controlling authority on point . . . ." (citation and internal quotation marks omitted)).

4.   Last, the district court's sentence was not substantively unreasonable. In reviewing a sentence for reasonableness, we ask whether the trial court abused its discretion. *United States v. Apodaca*, 641 F.3d 1077, 1079 (9th Cir. 2011). "We conduct a two-step analysis when reviewing the reasonableness of a sentence: 'we first consider whether the district court committed significant procedural error, then we consider the substantive reasonableness of the sentence.'" *Id.* at 1080–81 (citation omitted). A sentence is substantively reasonable if it is "sufficient, but

6

not greater than necessary" under the totality of the circumstances and the 18 U.S.C. § 3553(a) factors. *United States v. Carty*, 520 F.3d 984, 994–95 (9th Cir. 2008) (en banc). "The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall v. United States*, 552 U.S. 38, 51 (2007).

The district court considered each of the § 3553 factors. The upper end of the guidelines range was 320 years, but the court imposed a 100-year sentence. *See Carty*, 520 F.3d at 995. The district court's refusal to deviate further from the advisory guidelines range was not an abuse of discretion. *See United States v. Vasquez-Cruz*, 692 F.3d 1001, 1008 (9th Cir. 2012).

Goodwin argues that the government's pre-trial filing of the second superseding indictment and of a notice of enhanced penalties was improper because the government "was fully aware of all the potential charges" against him; "no new facts were uncovered during the pendency of the case"; the government's charging decisions increased the minimum sentence of 35 years and the maximum to 320 years; and he "was being punished for the exercise of his right to trial." But as Goodwin recognizes, "[t]he government charged [him] for conduct that provided a maximum sentence of 100 years" before filing the superseding indictment and adding additional charges. His 100-year sentence, therefore, would

7

have been within the initial guidelines range even if the government had not filed the superseding indictment. The government's charging decisions are not a factor that district courts must consider pursuant to § 3553(a). *See also United States v. Allsup*, 573 F.2d 1141, 1143 (9th Cir. 1978) ("In electing not to bring [some] charges initially and utilizing them as a latent bargaining tool, the Government exercised permissible prosecutorial discretion.").

**AFFIRMED.**